UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WESLEY PRIMO,

       Plaintiff,

  -v-                                                        No.  17 CV 6875-LTS-SLC

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

-------------------------------------------------------x

## ORDER ADOPTING REPORT & RECOMMENDATION

       The Court has reviewed Magistrate Judge Pitman's February 19, 2019, Report and Recommendation ((the "Report"), Docket Entry No. 29) in this action for judicial review of a decision of the Commissioner of Social Security (the "Commissioner") pursuant to 42 U.S.C. § 405(g) ("section 405(g)"), which recommends that the Court deny the Commissioner's motion for judgment on the pleadings and remand for further proceedings.  The relevant facts are set forth in the Report, the underlying decision of the Administrative Law Judge ("ALJ"), and the administrative record (Docket Entry No. 20).  Judge Pitman concluded that the ALJ's determination that Plaintiff Wesley Primo ("Plaintiff") does not qualify for disability benefits on the basis of his physical impairments alone was supported by substantial evidence, but further determined that a remand for further proceedings was required because the ALJ had failed to discharge his duty to develop the record as to Plaintiff's mental impairment.  Plaintiff has objected to the Report, claiming, first, that the record is sufficient to warrant an order determining that Plaintiff is entitled to disability benefits and limiting the remand to the Commissioner to one pursuant to sentence four of section 405(g) for the computation of

benefits.[1]  In the alternative, Plaintiff argues that a report and supplemental information from Plaintiff's treating psychiatrist that were proffered by Plaintiff following the issuance of the Report constitute new evidence warranting a remand pursuant to sentence six of section 405(g).[2]

The Court has reviewed the Report and the parties' submissions with respect to the objection carefully, and adopts Magistrate Judge Pitman's Report, denying the Commissioner's motion for judgment on the pleadings, and remands Plaintiff's application for further development of the record and reconsideration of the Commissioner's determination regarding the severity of Plaintiff's mental impairments, pursuant to sentence six of 42 U.S.C. section 405(g).

BACKGROUND

The principal factual background and relevant procedural history are set forth in the Report.  The Court adopts the findings of fact set forth in the Report and assumes familiarity with the facts stated therein.

After Magistrate Judge Pitman issued the Report and the parties had completed initial briefing in connection with Plaintiff's objection, Plaintiff, who had proceeded pro se before the ALJ and in the motion practice before Judge Pitman but is represented by counsel for

---

[1] Sentence four of section 405(g) provides that a district court, upon review of a decision of the Commissioner, may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C.A. § 405(g) (Westlaw Pub. L. 116-259).

[2] Sentence six of section 405(g) authorizes the district court to "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C.A. § 405(g) (Westlaw Pub. L. 116-259). Judgment is not entered prior to a sentence six remand.

purposes of his objection to the Report, proffered new evidence to the Court in support of an alternative argument for remand to the Commissioner pursuant to sentence six.  Defendant had conceded the propriety of a sentence four remand in its response to Plaintiff's initial objection, but opposed Plaintiff's request for a limitation of that remand to benefit calculation issues.  (Docket Entry No. 36.)  Plaintiff thereafter filed additional objection papers, accompanied by a report, dated May 31, 2019 (Docket Entry No. 37-2), from Plaintiff's prior treating psychiatrist, Dr. Donn Wiedershine, who had agreed to resume treatment of Plaintiff after being contacted by Plaintiff's counsel.  (Docket Entry No. 37-1, at ¶ 6.)  Dr. Wiedershine interviewed Plaintiff on May 17, 2019.  (Id.)  Among other observations in his report, Dr. Wiedershine described Plaintiff as experiencing a depressive episode which began about six months prior to his May 17, 2019, visit.  (Id. at 4.)  Dr. Wiedershine also completed a "Functional Capacity Questionnaire" in which he stated that Plaintiff's condition imposed a "marked limitation" on his ability to maintain social functioning, interact with others, and adapt or manage himself.  (Id. at 7, 9, 10.)  Dr. Wiedershine concluded that "at this time [Plaintiff] is unable to work."  (Id. at 5.)

In response to the proffer, Defendant argued that Dr. Wiedershine's report is irrelevant to the Court's inquiry because it did not address Plaintiff's condition during the time period with which the Commissioner's decision was concerned.  (Docket Entry No. 36, at 9.)  Plaintiff's counsel then sent a letter to Dr. Wiedershine asking whether the symptoms described in his report and questionnaire existed "during the period of August 2013 and thereafter" and for information as to the basis of his opinion.  (Docket Entry No. 42-1.)  Dr. Wiedershine checked "Yes" in response to the question of whether Plaintiff's symptoms existed during the relevant period, and checked "Patient history" as the basis for that response.  (Id.)  The Commissioner continues to oppose both Plaintiff's request for a determination of entitlement to benefits based

on the record before the ALJ, with remand limited to calculation, and Plaintiff's alternative contention that this Court should remand Plaintiff's case to the Commissioner pursuant to sentence six of section 405(g) based on Plaintiff's proffer of the new material from Dr. Weidershine.  (Docket Entry No. 41.)

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C.A. § 636(b)(1)(C) (Westlaw Pub. L. 116-259).  To the extent that a party makes a specific objection to the magistrate's findings, the Court must make a de novo determination. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  Similarly, to the extent that a party makes only conclusory objections, or simply reiterates a previous argument before the magistrate, the Court reviews the Report strictly for clear error.  Pearson-Fraser v. Bell Atl., No. 01-CV-2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).  Here, Plaintiff's objection is specific, and the Court reviews the contested issues de novo.

In reviewing the decision of an ALJ in a social security appeal, the Court looks to whether the correct legal standards were applied and whether the agency's factual determinations are supported by substantial evidence.  See Pollard v. Halter, 377 F.3d 183, 188 (2d Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).

Plaintiff objects to the Report insofar as it recommends that this Court remand the matter to the ALJ to obtain additional psychiatric evidence.  (Docket Entry No. 33.)  Plaintiff concedes that the ALJ failed to develop the record adequately (Id. at 9), but nevertheless argues

that the record before the ALJ warrants a determination that Plaintiff is entitled to benefits and a remand solely for the calculation of those benefits.  (Docket Entry No. 38, at 4-5.)  A remand for calculation of benefits rather than further development of the record is appropriate if the current record presents "no apparent basis to conclude that a more complete record might support the Commissioner's decision," which here was that Plaintiff did not have a disabling mental impairment.  Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir. 1999).  As explained in the Report, the ALJ failed to gather information from Plaintiff's treating physician.  Plaintiff argues that a more complete record will not support the Commissioner's decision since the record already contains "persuasive proof of disability" (Docket Entry No. 38, at 4), namely that Plaintiff is unable to do his past work, and that, due to his age, he is automatically considered unable to do other sedentary work.  (Docket Entry No. 33, at 2, 4.)  However, as explained below, the record contains evidence indicating that further development of the record regarding the nature of Plaintiff's mental state during the relevant period might support the Commissioner's decision that Plaintiff did not have a disabling mental impairment.

First, the record developed in the proceedings before the ALJ contains evidence, including certain of Plaintiff's own statements, that Plaintiff's mental impairment did not prevent him from interacting with others, thus indicating that a more complete record might support the Commissioner's decision.  See Dambrowski v. Astrue, 590 F. Supp. 2d 579, 586 (S.D.N.Y. 2008) ("While the ALJ's decision was conclusory and based on an incomplete record, it is still possible that on remand, and after having considered further evidence, the ALJ could reach the same conclusion").  Plaintiff's statements in this regard are consistent with the opinion of the consulting psychologist, Dr. Engelberg, who stated that Plaintiff could relate adequately with others, could interact appropriately with supervision, co-workers, and the public, and that his

stress-related problems were not significant enough to interfere with his ability to function on a daily basis.  (Social Security Administrative Record, ("R."), Docket Entry No. 20, at 358-62.)[3] Second, development of the record might produce support for Plaintiff's testimony that he was able to leave his home alone, use public transportation, socialize with his family, and talk on the phone.  (R. 45, 196, 198.)[4]  Accordingly, Plaintiff has failed to demonstrate that the record contains "no apparent basis to conclude that a more complete record might support the Commissioner's decision" such that a remand purely for the calculation of benefits is appropriate.  Rosa, 168 F.3d at 83; see also Rivera v. Sullivan, 771 F. Supp. 1339, 1359 (S.D.N.Y. 1991) ("if . . . the record would permit a conclusion by the [Commissioner] that [the] plaintiff is not disabled, the appropriate remedy is to remand for further proceedings rather than for the calculation of benefits").

The Court next turns to the question of whether to remand this case pursuant to sentence four or sentence six of section 405(g).[5]  Sentence six of section 405(g) authorizes the Court to, "at any time[,] order additional evidence to be taken before the Commissioner of Social

---

[3]   Plaintiff contends that Dr. Engelberg's report and questionnaire contradict one another.  For instance, the report states that Plaintiff's ability to perform complex tasks independently is mildly impaired while the questionnaire states that his ability to carry out instructions is not affected by his impairment.  (Docket Entry No. 33, at 7.)  These two statements do not address precisely the same abilities and, in any event, are not probative of Plaintiff's ability to interact with members of the public.

[4]   While these statements are in some tension with Plaintiff's statements that he had "a hard time… dealing with people" and that in a public facing job he would feel "a little bit uncomfortable" "having to adjust to the different influx of people coming in" (Docket Entry No. 33, at 8), the ALJ's failure to explicitly resolve that tension warrants a remand to allow the ALJ to weigh the conflicting evidence explicitly, rather than a decision by this Court resolving any doubts in the applicant's favor.  See Navarro ex rel. Grullon v. Barnhart, No. 02-CIV-1748 (MBM), 2003 WL 942535, at *2 (S.D.N.Y. March 10, 2003) (remanding for further development of the evidence where the record contained apparently contradictory evidence that the ALJ did not resolve or explain.)

[5]   The text of sentence four is set forth in footnote 1, supra.

Security . . . upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. § 405(g) (Westlaw Pub. L. 116-259).  Here, Plaintiff argues that the report and questionnaire of Dr. Wiedershine constitute new evidence that is material to the determination of Plaintiff's claim and that was omitted from the administrative proceedings for good cause. (Docket Entry No. 38, at 2.)  The evidence is, quite literally, new because the report and questionnaire were created in May of 2019, well after the administrative proceeding had concluded.  The Court finds that good cause exists for the omission of evidence from Dr. Wiedershine at that proceeding: Plaintiff was proceeding pro se and the ALJ failed to secure necessary information from his treating psychiatrist.  See Jones v. Sullivan, 949 F.2d 57, 61 (2d Cir. 1991) (where pro se Plaintiff relied on ALJ to secure information from her treating physician and did not understand the importance of that information, pro se status sufficed to provide good cause); compare Lisa v. Secretary of Dep't of Health and Human Services of U.S., 940 F.2d 40 (2d Cir. 1991) (pro se Plaintiff who had repeatedly solicited disability certification understood the importance of an assessment of disability and therefore did not demonstrate good cause for failure to proffer the new evidence earlier).

    The parties dispute whether the new evidence is "material" to the ALJ's decision. (Docket Entry Nos. 38, 41, 43, 46.)  New evidence is material if (i) it is relevant to the claimant's condition during the time period for which benefits were denied; (ii) it is probative; and (iii) there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently.  See Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).

Plaintiff's evidence includes an assertion by Dr. Wiedershine that the symptoms described in his report and questionnaire existed as early as August 2013. (Docket Entry No. 42-1.) Accordingly, the evidence is relevant to Plaintiff's condition during the time period for which benefits were denied.[6] Plaintiff's evidence is also probative of whether he had a disabling mental impairment during the relevant time period. Dr. Wiedershine's report describes Plaintiff's symptoms, his mental health diagnoses, and his history of depressive episodes. (Docket Entry No. 37-2, at 4.) The existence of these symptoms corroborates Plaintiff's subjective testimony that he had a mental impairment during the relevant time period and provides support for Plaintiff's assertion that he has difficulty dealing with members of the public. In addition, the existence of mental health symptoms in May 2019, can be probative of the severity of a mental impairment that existed during the earlier, relevant period. See Lisa, 940 F.2d at 44 ("evidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement… was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date") (quoting Gold v. Sec. of Health, Educ. and Welfare, 463 F.2d 38, 41-42 (2d Cir. 1972)).

The parties dispute whether there is a reasonable possibility that Plaintiff's new evidence could have influenced the Commissioner to grant Plaintiff benefits. Chiefly, the parties dispute whether the ALJ would give the new evidence "controlling weight" under the "so-called treating physician rule." Garcia v. Commissioner of Social Security, 208 F. Supp. 3d. 547, 552 (S.D.N.Y. 2016) (internal quotations omitted). A treating source's medical opinion will receive controlling weight if it is "well[ ] supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial [record] evidence." 20

---

[6] The ALJ's decision covered the period from August 2013 through July 2016. (R. 7-16.)

C.F.R. § 404.1527(c)(2). "[M]edically acceptable clinical and laboratory diagnostic techniques include consideration of a patient's report of complaints, or history, [a]s an essential diagnostic tool." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotations omitted). Here, Dr. Wiedershine resumed treatment of Plaintiff and his report is based upon his clinical examination of Plaintiff on May 17, 2019. His statement that the symptoms he observed existed as early as August of 2013, is based on his review of Plaintiff's "patient history," which is a recognized diagnostic tool. See Burgess, 537 F.3d at 128. However, the new evidence is inadequate to enable the Court to determine whether Dr. Wiedershine's conclusions are "well-supported" by this particular patient's history because Plaintiff has not proffered the treatment notes and documents recording the patient history. See Flanigan v. Colvin, 21 F. Supp. 3d 285, 305 (S.D.N.Y. 2014) (treating physician's retrospective opinion was properly given no weight because the patient's complaints were not substantiated by any diagnostic findings at the time and the physician gave no basis for his conclusion); Revi v. Comm'r of Soc. Sec., No. 15-CIV-8521 (ER) (DF), 2018 WL 1136997, at *28 (S.D.N.Y. Jan. 30, 2018), Report and Recommendation Adopted by 2018 WL 1135400 (S.D.N.Y. Feb. 28, 2018) (retrospective opinion found to be conclusory where it was not supported by treatment notes). Dr. Wiedershine's unelaborated retrospective statement that Plaintiff's symptoms existed based on "patient history," without documentation of that history, does not, on the record before the Court, constitute a "well-supported" opinion that the ALJ would be required to accept as controlling. See Micheli v. Astrue, 501 Fed. App'x 26, 29 (2d Cir. 2012) (giving no controlling weight to treating physician's retrospective opinion because it discounted the physician's own contemporaneous treatment notes and other substantial evidence in the record).

The Court's inquiry does not, however, end with the conclusion that the ALJ would not be required to give controlling weight to Dr. Wiedershine's opinion upon the current record.  As Judge Pitman concluded and the Commissioner concedes, the record is incomplete because the ALJ failed to fulfill the duty of developing the record.  In proceedings on remand, the ALJ will have the further duty to determine what weight to assign Dr. Wiedershine's opinion based on the following: (1) the length of the treatment relationship and frequency of examination, (2) the nature and extent of the treatment relationship, (3) the degree of evidentiary support for the opinion, (4) consistency with the record, (5) specialization of the treating source, (6) any other relevant factor.  20 C.F.R. § 404.1527(c)2-6.  As the fact-finder, the ALJ must also bear in mind that the opinion of a treating source is to be afforded "extra weight, even if contradicted by substantial evidence," Schisler v. Bowen, 851 F.2d 43, 47 (2d Cir. 1988), while the opinion of a consulting physician should generally "be given limited weight." Cruz v. Sullivan, 912 F.2d 8, 13 (2d Cir. 1990).

There is a reasonable possibility that Dr. Wiedershine's retrospective opinion, combined with treatment records and Plaintiff's testimony describing his limitations, could persuade the ALJ to find that Plaintiff was limited in his ability to interact with others and could not do his past work.  Garcia v. Comm'r of Soc. Sec., 208 F. Supp. 3d 547, 554–55 (S.D.N.Y. 2016) (remanding where the Appeals Council did not appropriately assess treating source records and where the ALJ relied "heavily on the opinion of a consultant"); Davis v. Saul, No. 19-CIV-2974 (JCM), 2020 WL 2094096, at *13 (S.D.N.Y. May 1, 2020) ("the new evidence is at the very least 'potentially material,' and must be reviewed by the ALJ on remand.").  Because of that possibility, Plaintiff's new evidence is "at the very least 'potentially material.'" Davis, 2020 WL 2094096, at *13; see Shrack v. Astrue, 608 F. Supp. 2d 297, 302 n.2 (D. Conn. 2009) (ordering

that to "the extent that the findings and conclusions discussed in [the treating physician's post decision] letter can be attributed to his observations during the time period at issue, that letter is new and material evidence and should be addressed on remand").  Accordingly, this matter is remanded pursuant to sentence six of 42 U.S.C. section 405(g).

## CONCLUSION

For the reasons stated above, the Court adopts the Report in its entirety. Defendant's motion for judgment on the pleadings is denied.  The matter is remanded pursuant to sentence six of 42 U.S.C. § 405(g) to the Commissioner for the development and consideration of additional evidence, including Plaintiff's proffers in connection with his objection to the Report with respect to Plaintiff's mental impairment.  On remand, the ALJ must develop further the record regarding Plaintiff's claimed psychiatric disability, including but not limited to Plaintiff's ability to interact with the public and Plaintiff's testimony concerning his subjective symptoms.

Pursuant to sentence six of 42 U.S.C. section 405(g), this Court retains jurisdiction of this matter.  The Commissioner of Social Security shall, after obtaining and considering the additional evidence described above, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file such findings or decision with the Court as required by sentence six of 42 U.S.C. section 405(g).

This Order resolves docket entry number 26.  The Clerk of Court is directed to close this case pending the Commissioner's filing in accordance with sentence six of 42 U.S.C. section 405(g).  The parties are directed to request that the case be reopened when the filing is made.

SO ORDERED.

Dated: New York, New York
March 29, 2021

/s Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge