UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WESLEY PRIMO,

      Plaintiff,

  -v-                                      No. 17-CV-06875-LTS

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. section 2412(d). (Docket entry no. 67 (the "Motion").) The fees sought were incurred during proceedings before this Court and on remand before the Social Security Administration, in which Plaintiff won a reversal of the Commissioner's decision denying benefits. The Court has carefully considered the parties' submissions, and, for the following reasons, the Motion is granted in part.

## BACKGROUND

Plaintiff filed a pro se complaint in this Court seeking review of a final administrative decision of the Commissioner (the "Commissioner") of the Social Security Administration (the "SSA"), which denied his application for social security income ("SSI") benefits. Following Plaintiff's retention of counsel, (docket entry no. 47), on March 29, 2021, this Court issued an Order remanding this action to the Commissioner of Social Security, under sentence six of 42 U.S.C. section 405(g), for further administrative proceedings. (Docket entry no. 49.) On remand, the Court instructed the Administrative Law Judge (the "ALJ") to develop

the record regarding Plaintiff's claimed psychiatric disability, including but not limited to Plaintiff's ability to interact with the public and Plaintiff's testimony concerning his subjective symptoms. After nearly three years, on November 27, 2023, the Commissioner issued a fully favorable decision on Plaintiff's application for benefits. (Docket entry no. 54.)

Plaintiff seeks an award of attorney's fees under the EAJA, 28 U.S.C. section 2412(d), in connection with the remand obtained in Plaintiff's suit, citing the efforts undertaken to resolve the matter favorably. (Motion at 1.) These efforts included supplementing an incomplete medical record and representing Plaintiff in a case that spanned over a decade and was complicated by Plaintiff's homelessness, psychiatric condition, and incarceration while remand proceedings were still ongoing. (Docket entry no. 67-1 ("Pl. Decl.") ¶ 27.) The Commissioner opposes Plaintiff's application on the grounds that special circumstances make an award of fees unjust. (Docket entry no. 70 ("Def. Mem.") at 1.) Alternatively, the Commissioner requests this Court to reduce the fees requested significantly because they are vague and excessive. (Id.) The Commissioner's objections are overruled, and Plaintiff is awarded $26,784 in attorney's fees for the following reasons.

DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007). Eligibility for a fee award in a civil action, therefore, requires that (1) the claimant be a prevailing party, (2) the government's position was not "substantially justified," (3) under 28 U.S.C. § 2412(d)(1)(B),

any fee application be submitted within 30 days of final judgment supported by an itemized statement, and (4) no special circumstances make an award unjust. Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158 (1990).

Prevailing Party

Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim "prevailing party" status, e.g., Sims v. Apfel, 238 F.3d 597, 600 (5th Cir. 2001), a favorable result in subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant, Jackson v. Chater, 99 F.3d 1086, 1097 (11th Cir. 1996) (holding that because claimant succeeded on remand, at least in part on sentence-six grounds, claimant would be a prevailing party). Defendant does not dispute Plaintiff's prevailing party status. Having secured a remand in this Court under sentence six and then a fully favorable decision on remand, Plaintiff prevailed in this action and thus meets the "prevailing party" criterion.

Substantially Justified

Plaintiff's prevailing party status is only a threshold inquiry. Even as a prevailing party under the EAJA, Plaintiff will not be entitled to attorney's fees if the Court finds that the Commissioner's position opposing the award of benefits was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). A position is "substantially justified" where the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Here, the Commissioner argued that Plaintiff's appeal from the Commissioner's decision should be rejected because the Magistrate Judge had already recommended that the matter be remanded to the Commissioner for further review by the ALJ before counsel appeared in the case. An ALJ is responsible for developing the record at the administrative level. See Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999). When a Plaintiff appears pro se, that responsibility is even more

pronounced. See Echevarria v. Sec'y of Health and Human Serv., 685 F.2d 751, 755 (2d Cir. 1982). In the instant case, the ALJ failed to fully develop the record by failing to obtain a psychiatric report from a treating source. (See Pl. Decl. ¶¶ 7, 9.) In light of the gaps in the record, a reasonable person could not have regarded the record as complete, and the Commissioner was not substantially justified in opposing an award of benefits. Indeed, the Commissioner provides no argument or comment about substantial justification. Additionally, the Commissioner concedes that the motion is timely and that the requested hourly rates are reasonable.

Special Circumstances

The EAJA's special circumstances exception is a safety valve that grants this Court discretionary authority to "deny awards where equitable considerations dictate an award should not be made." Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 303 (2d Cir. 2011) (quoting Scarborough v. Principi, 541 U.S. 401, 422–23 (2004). District courts decide whether special circumstances exist on a case-by-case basis, as the terms "special circumstances" and "unjust" are not statutorily defined. See United States v. 27.09 Acres of Land, 43 F.3d 769, 774 (2d Cir. 1994) (holding that special circumstances existed where plaintiff played a marginal role in litigation involving multiple co-plaintiffs). In the social security context, a prevailing party can be denied attorney's fees under the EAJA for special circumstances "when [their] misconduct created the circumstances that led to the litigation, and when that party's contributions to the litigation's success were 'marginal, duplicative, and unnecessary.'" Vincent, 651 F.3d at 304 (citations omitted).

The Commissioner contends that "special circumstances" would make an award "unjust," 28 U.S.C. § 2412(d)(1)(A), here because Plaintiffs' counsel did not appreciably

contribute to the matter.  (Def. Mem. at 8.)  The Court finds, to the contrary, that counsel appreciably contributed to the Plaintiff's ultimate success in this litigation by, among other things, assisting the ALJ in discovering procedures for conducting a hearing with an incarcerated individual, supplementing difficult-to-attain medical records at the direction of the ALJ through persistent communications with treatment sources, and achieving a fully favorable reversal of the Commissioner's original decision denying SSI benefits.  (Pl. Decl. ¶¶ 15-17).  Accordingly, the Court, having considered thoroughly the circumstances underlying the time Plaintiff's counsel devoted to pursuing his claim, finds that the record does not support a finding that special circumstances make an award of fees to Plaintiff unjust.

Reasonableness of Fee Request

       To assess the reasonableness of a fee request, a court typically begins by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to determine the lodestar amount.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The fee calculation should exclude any hours unreasonably expended, including those that the Court finds were "excessive, redundant, or otherwise unnecessary." Id. at 434.  The governing statute limits the attorney compensation rate to $125.00 per hour, unless a higher rate is justified by an increased cost of living or a "special factor."  28 U.S.C. § 2412(d)(2)(A).

       Plaintiff seeks a fee award for 52.65 hours of counsel's time in connection with proceedings in this Court that led to the remand, 47.45 hours in connection with the proceedings on remand, 7.5 hours in connection with a motion to have benefits calculated on an expedited basis, 4.75 hours in connection with the fee application, and 5.25 hours in connection with the declaration replying to the Commissioner's opposition, for a total of $26,790.37.  Applying the average annual EAJA hourly rates for United States cities adjustments, Plaintiff seeks fees for counsel's work at the hourly rate of $205.25 in 2019, $207.28 in 2020, $217.54 in 2021, $234.95

in 2022, $244.62 in 2023, $249.14 in 2024, and $247.80 in 2024.  Defendant does not dispute these rates.  However, because of the time that elapsed between each submission in 2024, counsel provides two distinct average annual hourly rates for 2024: $249.14 and $247.80.  To address this discrepancy, the Court employs Plaintiff's most recent annual average hourly rate, $247.80.  (Docket entry no. 72 ("Reply Decl.") ¶ 20.)[1]

A court has broad discretion to determine the amount of time reasonably expended.  Aston v. Sec'y of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986).  District courts have held that routine social security benefit cases generally require twenty to forty hours of attorney time.  See, e.g., Barbour v. Colvin, 993 F.Supp. 2d 284, 290 (E.D.N.Y. 2014) (collecting cases).  However, courts have not hesitated "to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrants such an award." Hinton v. Sullivan, No. 84-CV-9276, 1991 WL 123960, at *5 (S.D.N.Y. July 2, 1991); see also Aston, 808 F.2d at 12 (2d Cir. 1986) (affirming the district court's award of attorney's fees based on 200 hours); McClain v. Barnhart, 186 F.Supp.2d 435, 437 (S.D.N.Y. 2002) (awarding $11,592.60 in fees), Hinton, 1991 WL 123960, at *5–*6 (awarding attorney's fees based on 158.55 hours on the merits and 31.55 hours on the EAJA application); Garcia v. Bowen, 702 F.Supp. 409, 411 (S.D.N.Y. 1988) (awarding attorney's fees based on 156.2 hours).  Relevant factors to weigh in evaluating an atypical request "include the size of the administrative record,

---

[1]   Counsel does not explain the reason for the different rates in 2024.  However, claimant employs the average annual EAJA hourly rates compiled for United States cities by a non-profit organization.  (Docket entry no. 72-2 ("Reply Exhibit A.").)  To address the discrepancy in the two rates provided for 2024, the Court will employ the most recent average hourly rate provided by counsel in her reply declaration in support of motion for EAJA Fees.  Otherwise, the Court would inconsistently award fees based on average monthly rates rather than average annual rates. This creates a slight discrepancy between the fees requested and the fees awarded.

the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." Barbour, 993 F. Supp. 2d at 291 (citation and quotation marks omitted).

In this case, at the time of counsel's appearance in the proceedings before this Court, the size of the certified administrative record, at nearly 600 pages, was considerable. (Docket entry no. 20.) Additionally, counsel did not represent Plaintiff in the original administrative proceedings and did not come into this federal litigation until it had been pending for more than five years. Thus, although counsel is experienced, she had to familiarize herself with this case and its extensive litigation history. See Rivera Hernandez v. Comm'r, Soc. Sec. Admin., No. 19-CV-04025-PAE-KHP, 2020 WL 2765866, at *3 (S.D.N.Y. May 28, 2020) (noting that, while experienced counsel might be more efficient, combing through medical records takes time, and rejecting the notion that experience alone should justify a reduction of hours).

Furthermore, there are circumstantial complexities that make this social security case atypical. These include having to supplement an incomplete medical record, representing Plaintiff in a case that spanned over a decade, and Plaintiff's homelessness, psychiatric condition, and incarceration while proceedings on remand were still ongoing. (Pl. Decl. ¶ 27); see also Guzman ex rel. Nelson v. Comm'r of Soc. Sec., No. 05-CV-6086-WHP-DFE, 2008 WL 1318920, at *2 (S.D.N.Y. Apr. 9, 2008) (finding a case routine where the administrative record was only 116 pages and because the Commissioner did not object to a report and recommendation, necessitating only one round of briefing). The Commissioner attempts to limit counsel's contributions to a change from a sentence four to six remand. (Def. Mem. at 8.) However, this Court reviews the whole of the activity in context, not simply the difference in

outcome. Counsel's contributions also include assisting the ALJ in discovering procedures for conducting a hearing with an incarcerated individual, persistent communications with treatment sources to supplement medical records at the direction of the ALJ, and achieving a fully favorable reversal of the Commissioner's original decision denying SSI benefits. (Pl. Decl. ¶¶ 15-17). Accordingly, the Court does not find the hours expended by Plaintiff's counsel unreasonable.

The Commissioner also objects to time billed by counsel for tasks like "Intro letter," "NOA, letter to Court," "Search for client; transport client for psych evaluation," "Call from client," "Call to client," "Renewal of OTC request," "Call from OHA," "DOC to set up meeting," "Essen follow up," "DOC forms, calls to set up meeting," "Email to OHA re forms problems," "Call to Sternberg; get CV; send to ALJ," "Emails re address change for WP and TG," "Follow up with Southern Medical," and "Email on status; call from WP" on the ground that, absent any explanation, these types of tasks appear to be clerical or administrative, and are not compensable. (Def. Mem. at 12.) The Commissioner cites vagueness but offers no further evidence to support this contention. Conversely, counsel has supplemented her contemporaneous time records in the reply papers and represents that clerical time is not included in the fee request. (Docket entry no. 72 ("Reply Decl.") ¶¶ 17-19). Although Plaintiff should ordinarily provide more detailed records with the initial application in the future to eliminate the need for additional briefing, in the interest of judicial economy, the Court finds counsel's time records and supplementary explanation sufficient.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion and awards Plaintiff $26,784 for attorney's fees incurred in the captioned matter. The Clerk of Court is

respectfully directed to enter judgment granting Plaintiff's motion for attorney's fees, and to close the case.  This Memorandum Order resolves docket entries nos. 67, 68, and 69.

      SO ORDERED.

Dated: New York, New York
       November 21, 2024

                                                    /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge